## Kohler *versus* Luckenbaugh.

1. A plaintiff is not entitled to judgment by default for want of an appearance under the Act of 1836 unless he has filed his declaration within the time prescribed by the statute.

2. Where the plaintiff has not filed his declaration in time and judgment by default has been entered, the defendant does not estop himself from taking advantage of this irregularity by his appearance and defence before a jury of inquiry.

3. The practice of directing the writ of inquiry to the sheriff for the purpose of having damages assessed by a jury to be summoned by him, is orderly and regular, notwithstanding the Act of 1722, as that act does not abrogate the ordinary practice, but simply gives the plaintiff the power, if he so chooses, to have the court make an order for such assessment.

May 10th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *York county :* Of May Term 1877, No. 90.

On the 23d of May 1874, Jacob Luckenbaugh issued a summons in case for slander against William Kohler, which was made returnable to the first Monday of July 1874.   It was served on defendant on the 4th of June 1874.   No further proceedings were had in the case until April 8th 1876, when the plaintiff filed a declaration and on the 19th of the same month in open court, judgment by default was entered against the defendant for want of an appearance.   On the 27th of April 1876 a writ of inquiry of damages issued on said judgment.

Kohler then filed a petition, which set forth :  " That in obedience to the summons in the said case he appeared, on the day named in the summons, at the court-house, in York, in the said county, but found no court in session ; that he went to the prothonotary's office on that day and inquired when said case would be tried ; that the prothonotary told him it would not be tried at that time, and that he could not tell him when it would be tried,

[Kohler v. Luckenbaugh.]

and that he would get further notice of the trial, or words to that effect; that relying on receiving further notice from the plaintiff, or from some one on his authority, as to when he should appear again, he did not consult legal counsel at that time; that he never heard anything more about the trial of said case from that time until the 7th day of July 1876, when he received notice to appear at the sheriff's office before the sheriff, to answer in said writ of inquiry of damages on the 18th inst. ; that on appearing at the sheriff's office, according to said notice, he heard for the first time that judgment had been taken against him in said case for want of an appearance, and that a jury of twelve men was there called to inquire of the damages and costs sustained by the plaintiff in said action ; that the sheriff has returned said inquisition, whereby it appears that they find and award $19 and costs to the plaintiff; that the petitioner is advised and believes that the said judgment, taken against him as aforesaid, is irregular and without authority of law, and that the said inquisition of damages issued thereon is irregular and illegal for the following reasons, to wit :—

" 1. Because the plaintiff's declaration in said action was not filed on or before the return day of the writ.

" 2. Said judgment, being irregular and unlawful, no writ of inquiry of damages could lawfully issue thereon.

" 3. If said judgment were regular and lawful, yet, being an interlocutory judgment, no writ of inquiry of damages should have issued thereon without an order of court.

" 4. The jury called by the sheriff, in pursuance of said writ of inquiry of damages, was not taken from the panel of jurors summoned to attend the court to which said writ of inquiry is made returnable.

" 5. Said inquiry of damages was not made in open court."

The petitioner therefore prayed the court to set aside the said inquisition and to open said judgment, that the defendant might be let into a defence.

The court, Wickes, A. L. J., granted the rule, and after argument discharged the same, saying :—

" According to the interpretation given by the Supreme Court to the Act of 1836, a judgment entered by default for want of an appearance, when the *narr.* has not been filed before the return day, is that the judgment is irregular and voidable, but not absolutely void.　And if, in this case, at any stage of the proceedings before appearance, the defendant had applied to the court, this judgment would have been stricken off, or at least opened to allow defendant an opportunity to be heard.　But this is a step that must be taken at a proper time and in a proper way.　And if instead of taking advantage of such an error, the defendant waives it, and by an act totally inconsistent with this ground of defence, appears and takes the chances of a favorable result before the sheriff's inquest,

[Kohler *v.* Luckenbaugh.]

he is afterwards estopped from complaining of the irregularity of the proceedings. Such we understand to be the doctrine of the court in Harres *v.* Commonwealth, 11 Casey 416. We think, therefore, that the attendance of the defendant in this case before the inquest, and entering upon the inquiry, is a waiver of the irregularity in entering the judgment. This reasoning would also apply to the alleged irregularity in issuing the writ of inquiry, but we think that writ was properly issued, and in accordance with our practice and with what seems to be the practice in other parts of the state."

The court here referred to the provisions of the Act of the 22d of May 1722, Purd. Dig. 1168, pl. 30, that justices who give an interlocutory judgment shall at the motion of plaintiff make an order in the nature of a writ of inquiry, to charge the jury attending at the same or the next court, to inquire of the damages, &c., and after an allusion to the cases of Bell *v.* Bell, 9 Watts 47, Wright *v.* Crane, 13 S. & R. 452, and Sully *v.* Baum, 1 Weekly Notes 115, continued :—

"So it is doubtful whether the course indicated by the Act of 1722 applies at all to a case like this ; but if it does, it certainly does not preclude the plaintiff from pursuing the more usual course, sanctioned by the uniform practice of our courts."

Defendant took this writ, and assigned that the court erred in discharging the rule.

*James Kell*, for plaintiff in error.—The declaration must be filed within the time prescribed by the Act of 13th June 1836, Pamph. L. 572, to warrant a judgment by default: Foreman *v.* Schricon, 8 W. & S. 43 ; Dennison *v.* Leech, 9 Barr 164 ; Black *v.* Johns, 18 P. F. Smith 83. Harres *v.* Commonwealth, cited by the court below, is distinguishable from this case, as there the defendant by pleading his freehold, in stay of execution, waived an irregularity in the entry of the judgment.

The writ of inquiry of damages is one not often resorted to in our court, and there is no established practice in regard to it, but when it is invoked the provisions of the Act of 22d May 1722, should be followed and much expense would be avoided. See Bell *v.* Bell, 9 Watts 48 ; Wright *v.* Crane, 13 S. & R. 447.

*George W. McElroy*, for defendant in error.

Mr. Justice GORDON delivered the opinion of the court, May 28th 1877.

It is conceded that the judgment, in this case, was irregularly taken. The writ was issued to the first Monday of July 1874 ; the *narr.* was not filed until the 8th of April 1876 ; nevertheless, on the 19th of the same month, without notice to the defendant,

[Kohler v. Luckenbaugh.]

judgment was taken against him, in open court, for the want of an appearance. As, on all authority, to entitle himself to such judgment, the plaintiff should have filed his declaration before the return-day of the writ, the court should have made the defendant's motion to strike off the assessment of damages absolute. It is urged, however, that the defendant has estopped himself from taking advantage of this irregularity by his appearance and defence before the jury of inquiry. Harres v. Commonwealth, 11 Casey 416, and Crosby v. Massey, 1 P. & W. 229, are cited as favoring this view of the case; but in the first of these cases the defendant pleaded his freehold in stay of execution on the irregular judgment, and obtained it; in the second, the defendant neglected, for two terms after he was informed of the judgment, and until after the execution of the writ of inquiry, to make his application for relief. Had Kohler neglected an opportunity, after he was informed of the judgment, of applying for relief, he would have been estopped. For if one would take advantage of a judgment which is merely irregular, he must be prompt in the assertion of his rights, otherwise he will be taken to have waived them. But the defendant in this case seized his very first opportunity to seek redress. The writ of inquiry was issued only eight days after the judgment; it was returned on the 18th of July, and the motion to set it aside was made on the 24th of the same month. As it nowhere appears that he had notice of the judgment until the day of the inquest, it cannot be said that he did not act with sufficient promptitude. Conceding (though there is no record evidence of that fact) that he did appear and defend himself before the jury of inquiry, it amounts to nothing, for it neither delayed the case nor put additional costs thereon. Besides this, the defendant was entitled to a full defence, which he could not have before the inquest. Had the damages been assessed in court, as the Act of 1722 authorizes, the case would have been different; for, having the opportunity to move the court to strike off the judgment, he could not be permitted to take his chances before the inquest, and afterwards, if the verdict did not suit him, be heard on an application to set it aside.

There is no doubt that the practice of directing the writ of inquiry to the sheriff, for the purpose of having damages assessed by a jury to be summoned by him, is orderly and regular, notwithstanding the Act of 1722. That act but gives the plaintiff the power, if he so chooses, to have the court make an order for such assessment; but it does not abrogate the ordinary practice. Indeed, the only doubt which seems ever to have occurred on this subject was whether the act above recited was not obsolete: Wright v. Crane, 13 S. & R. 447.

The judgment and all proceedings under it are reversed and set aside, and a *procedendo* is awarded.