## MELLOY'S SONS v. DEAL & BURTIS.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILA-DELPHIA COUNTY.

Argued January 11, 1889—Decided February 11, 1889.

1. If the plaintiff in foreign attachment have not filed a declaration before the return day of the writ, he may not take judgment against the defendant at or after the expiration of the third term, for want of an appearance: Foreman v. Schricon, 8 W. & S. 43.
2. As it is the right as well as the duty of a garnishee, to insist that no property or effects are taken out of his hands except upon valid process, he has also the right to move on behalf of the defendant to have a judgment improvidently entered stricken off.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 329 January Term 1888, Sup. Ct.; court below No. 254 March Term 1886, C. P. No. 3.

On February 25, 1886, George D. Melloy and others, trading as John M. Melloy's Sons, brought foreign attachment against H. I. Burtis and A. J. Deal, trading as Deal & Burtis. The writ was returnable to March 1, 1886.

On February 25 and 26, 1886, Howard S. Janney and others,

trading as Janney & Andrews, were served as garnishees, and the writ then returned nihil habent, as to the defendants. On March 8th, the garnishees appeared by counsel.

The third term of the court, after the execution of the writ, was September term, beginning September 20, 1886, and ending December 5, 1886.

On January 17, 1887, the plaintiffs filed an exemplification of the record of a judgment obtained against the defendants in the Supreme Court of New Jersey, for $1,738.37, and caused judgment to be entered thereon against the defendants for want of appearance, for $1,942.05. On January 18th, a writ of scire facias against the garnishees was issued, and on February 8th interrogatories and rule to answer were filed; same day, answer filed. On February 18th, a rule upon the garnishees to plead was entered, and the same day a plea was filed.

On March 2, 1887, on motion of the garnishees' attorney, a rule upon the plaintiffs was entered to show cause why the judgment entered on January 17th, should not be vacated, which rule on April 9th, the court, FINLETTER, P. J., without opinion filed, made absolute. Thereupon, the plaintiffs took this writ, assigning as error the order making the said rule absolute and vacating the judgment entered.

*Mr. James C. Sellers* (with him *Mr. William H. Staake*), for the plaintiffs in error:

1. The determination of this case involves a construction of § 53, act of June 13, 1836, P. L. 582, providing, "That it shall be lawful for the plaintiff, at the third term of the court after the execution of the writ, as aforesaid, if he shall have filed his declaration, to take judgment thereon against the defendant, for default of appearance, unless the attachment before that time be dissolved." The uniform practice in Philadelphia county, under this section, has been to grant judgment, if a declaration has been filed at any time before the motion for judgment is made, no matter whether before or after the return day, in accordance with the obvious meaning of the language used in said section. When an act is conceived in clear and precise terms, and when the sense is manifest and leads to nothing absurd, there can be no reason to refuse the sense which

the language naturally presents, or to go elsewhere in search of conjectures to restrain or extinguish it: Potter's Dwarris, 126, 143.

2. But the court below appears to have been led to hold the judgment erroneous by the following line of cases: Foreman v. Schricon, 8 W. & S. 43; Dennison v. Leech, 9 Pa. 164; Black v. Johns, 68 Pa. 83; Kohler v. Luckenbaugh, 84 Pa. 258. Not one of these cases was a foreign attachment, but all related to actions by summons. The language of § 33, act of June 13, 1836, P. L. 578, relating to actions by summons, is not identical. The old practice act of March 20, 1724, § 1, 1 Sm. L. 164, resembles it still more closely, and under that act it was held that judgment might be taken °for want of an appearance, notwithstanding the fact that no declaration had been filed until after the return day: Morrison v. Wetherill, 8 S. & R. 502; Nice v. Bowman, 6 W. 26.

3. There is ample reason for a different interpretation of the two sections of the act of 1836. In an action by summons, after the service of the writ the plaintiff has the defendant in court. If the declaration has not been filed until after the return day, he can still rule the defendant to plead, and enter judgment for want of a plea, or, if a plea is filed, go to a jury for a verdict for his claim. But in a foreign attachment under the same circumstances, the plaintiff's forward course is effectually blocked. The act does not provide, as in the case of a summons, for any further proceedings. He cannot rule the defendant to plead, because the latter is not in court; for the same reason, he cannot put his case at issue; his hands are tied.

4. But there is another reason why this judgment ought to stand. The rule to strike off was taken by the garnishees, not by the defendants. The garnishees had already appeared to the scire facias, had answered interrogatories and had pleaded. By so doing they waived any objection to the irregularity of the judgment against the defendants, and were estopped from denying its force and validity. It is a well established rule, that an application to set aside proceedings for irregularity should be made as early as possible, or, as is commonly said, in the first instance: Tidd's Prac., 513; Poor v. Colburn, 57 Pa. 415.

*Mr. Robert W. Waln,* for the defendants in error:

1. The cases: Foreman v. Schricon, 8 W. & S. 43; Denni-
son v. Leech, 9 Pa. 164; Black v. Johns, 68 Pa. 83; Kohler v.
Luckenbaugh, 84 Pa. 258, and Harstraw v. Carey, 2 W. N.
522, settle beyond a possibility of doubt, the time in which a
declaration must be filed in a suit in a personal action com-
menced by summons; it must be filed before the return day of
the writ. There is no difference between cases commenced
by summons and those commenced by attachment. The ob-
ject in both is identical, to compel the appearance of the de-
fendant: T. & H. Pr., § 2254; Albany City Ins. Co. v.
Whitney, 70 Pa. 252; § 64, act of June 13, 1836, P. L. 584.
It is therefore to be presumed, that the words, if he has filed
his declaration, in § 53, have the same meaning as the words,
having filed his declaration, in §§ 33 and 34. Moreover, the
proceeding being by foreign attachment, the plaintiff must
comply with all the requirements of the act: Hayes v. Gilles-
pie, 35 Pa. 155; Penn. R. Co. v. Pennock, 51 Pa. 251; Van-
dergrift's App., 83 Pa. 130.

2. The statutory time for plaintiffs to have taken their judg-
ment for want of an appearance was from September 20th to
December 6th. Not having filed their declaration, they were
not entitled to judgment at that time, and they cannot subse-
quently better their position by changing the record: Bradley
v. Dusenberry, 7 W. N. 146. Moreover, an irregular or void
judgment may be stricken off on motion: Harper v. Biles, 115
Pa. 594; Allen v. Krips, 119 Pa. 1; and this will be done on
motion of the garnishees: Steel v. Goodwin, 113 Pa. 288.
Besides, a motion to strike off or open a judgment is addressed
to the sound discretion of the court, and is not reviewable:
Nice v. Bowman, 6 W. 26; McKee v. Sanford, 25 Pa. 105;
Bunce v. Wightman, 29 Pa. 335; White v. Leeds, 51 Pa. 187;
Singer Mfg. Co. v. Hackett, 7 W. N. 45; Philadelphia v.
Coulston, 118 Pa. 541.

3. It was the duty of the garnishees to see that the judg-
ment against the defendants was regularly entered. This duty
belonged to and was owing to the defendants, and could only
be waived by the persons to whom it belonged. To hold that
the garnishees could waive such rights of the defendants,
would open wide the door for collusion between unprincipled

plaintiffs and garnishees. Morrison v. Wetherill, 8 S. & R. 502, and Nice v. Bowman, 6 W. 26, cited by plaintiffs to sustain their judgment, were cases under the act of 1724, and have been overruled: Foreman v. Schricon, 8 W. & S. 43; and this court will not permit practice to annul the plain requirement of a statute.

OPINION, MR. JUSTICE STERRETT:

The writ of foreign attachment, having been duly executed, was returned to first day of March Term, 1886, and, in obedience to summons, the garnishees, Janney and Andrews, appeared by attorney. As to defendants in the writ, the return was nihil habent. They never appeared either in person or by attorney; and this writ of error is defended in their behalf by the garnishees.

The third term of court, after execution of the writ, commencing September 20th, and ending December 5, 1886, passed without any further action having been taken by plaintiffs. On the twelfth day of December term they filed a declaration, and a month thereafter took judgment against defendants for want of appearance. That was immediately followed by scire facias against the garnishees, rule on them to answer, etc., and plea of nulla bona. On application of garnishees' attorney, March 2, 1887, a rule was granted to show cause why the judgment against defendants should not be stricken off. That rule was afterwards made absolute. The action of the court in thus striking off the judgment at the instance of the garnishees, is the subject of complaint in the several specifications of error.

It is contended the judgment was regularly entered after declaration filed and therefore valid, but, whether valid or not, the garnishees, being strangers to the judgment, had no standing in the court below to question its validity, nor, for same reason, have they any right to defend the writ of error here. These are the subjects of inquiry suggested by the record.

Foreign attachment is a statutory remedy, the proceedings in which are regulated by our act of assembly. In its inception, it is necessarily a proceeding in rem, and sometimes continues so throughout. One of its objects is to secure the appearance of

the non-resident defendant and the presentation of his defence, if any he has; but, in view of his non-residence in the state and absence from the county, when and where the writ issues, he is not required to appear on the return day of the writ. Two full terms, after its execution, are given him within which he may appear in person or by attorney. The 53d section of the act of June 13, 1836, declares: "It shall be lawful for the plaintiff at the third term of the court after the execution of the writ aforesaid, if he shall have filed his declaration, to take judgment thereon against the defendant for default of appearance, unless the attachment before that time be dissolved." This being the only provision in the act for taking judgment by default against the defendant, if plaintiff fails to avail himself of it, at the time and in the manner therein specified, what right has he to do so at the next or any subsequent term? The act itself recognizes no such right, and we are not aware of any such general practice under it as should be regarded as equivalent to the sanction of law.

Moreover, the declaration was not filed before the return day of the writ, nor indeed until after the expiration of the term at which plaintiff was authorized by the act to take judgment for default of appearance. In actions commenced by summons, when the same has been returned duly served on defendant, the act of 1836 declares: "It shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance," etc. Under that section it has been repeatedly held that filing a declaration before the return day of the writ, is a condition precedent to the right of the plaintiff to take judgment: Foreman v. Schricon, 8 W. & S. 43; Dennison v. Leech, 9 Pa. 164; Black v. Johns, 68 Pa. 82; Kohler v. Luckenbaugh, 84 Pa. 258.

While the phraseology of the two sections is not precisely the same—that of the one being, "if he shall have filed his declaration," and the other, "having filed his declaration,"—it is substantially the same; and, inasmuch as the object of both writs is to bring the defendant into court, there appears to be no good reason why the requirement as to filing a declaration, should not receive the same construction in both. It is true, the defendant in foreign attachment has two full terms, after execution of the writ, in which to appear; but he may appear

on the return day, and if he does, he ought to be able to find upon the record a declaration setting forth the cause of action.  It is quite as necessary in the one case as in the other; and, if plaintiff wishes to avail himself of the right to take judgment for want of appearance, there is no good reason why he should not be required to file his declaration before return day of the writ.  We are therefore of opinion that the judgment was irregular and invalid for the reason that the declaration was not filed in proper time.  It follows that if the defendants had appeared in person or by attorney they would have had a right to insist that the judgment be sticken off.

But, assuming for argument sake, that the judgment was invalid, it is further contended that inasmuch as the garnishees are strangers to it, they had no right to question its regularity or validity.

We cannot assent to that proposition.  While the garnishee in foreign attachment is not a party to the judgment against defendant in the writ, it is not quite accurate to say he is a stranger thereto in the sense intended by plaintiff.  The judgment is necessarily the foundation of subsequent proceedings against the garnishee, by which it is sought to take the property or effects of the defendant, attached in his hands, and apply the same to plaintiff's claim.  As a general rule the garnishee is bound to see that the proceedings to that end are not illegal.  In a legal point of view, his relation to the defendant in a writ of foreign attachment is not always the same. In some cases, he is simply bailee of defendant's property.  In others, he is his debtor, or he may be either bailee or debtor with a counter claim of his own, consisting of a special lien or a set-off; or, he may be a trustee of money or property under a valid trust created by the defendant in favor of another party.  In either case, when he occupies the position of bailee or trustee, it is his right, as well as his duty, for his own protection if nothing more, to insist that no property or effects be taken out of his hands except upon valid process.  That duty, if it has not existed before, certainly arises when the garnishee is called upon by scire facias to show cause why plaintiff should not have satisfaction of his judgment out of the estate or effects of the defendant in his hands or possession.  The

Opinion dissenting.

scire facias is predicated of a valid judgment against the non-resident defendant, and if the garnishee is aware that no such judgment exists, or if he has any other just ground of defence, he has a right to interpose it. If he neglects to do so, and the attached property is taken from him, he may become personally liable to those whose interests he could and should have protected: 2 Tr. & Haly Prac., § 2289; Serg. on Att., 113, etc.

It has been held that under the general plea of nulla bona the garnishee may, on trial of the issue, take advantage of the invalidity of the judgment on which the scire facias issued: Pancake v. Harris, 10 S. & R. 109; Thornton v. Bonham, 2 Pa. 102. If he can do that, there is no good reason why he may not apply to the court in behalf of the non-resident defendant, and have an improvidently granted judgment stricken off, as was done in this case.

The specifications of error are not sustained.

Judgment affirmed.


OPINION DISSENTING, MR. JUSTICE MITCHELL:

That Foreman v. Schricon, 8 W. & S. 43, was wrongly decided has never been doubtful in the professional mind. The decision overturned the settled previous practice, although that practice had been sustained, even under the act of 1724, by the decision of this court: Morrison v. Wetherill, 8 S. & R. 502. How much more clearly the practice was correct under the act of 1836 than it was under the act of 1724, was demonstrated by the late Chief Justice SHARSWOOD in May v. Sharp, 1 Tr. & Haly, 274, ed. 1867. No answer to his argument has ever been attempted, though this court has on several later occasions followed the ruling in Foreman v. Schricon. But the bar has never accepted or followed the rule in Philadelphia, and the cases of Dennison v. Leech, 9 Pa. 164, and Kohler v. Luckenbaugh, 84 Pa. 258, appear to show that the bar, at least in Allegheny and York counties, have equally maintained their former views and practice. True the courts of these counties, when expressly called upon, have bowed to the authority of this court and followed Foreman v. Schricon; but in Philadelphia, certainly, they have rarely been called upon to do so. The rule of that case has been "effectively repealed," not, as the brilliant Chief Justice said of the act of

1724, "by the indolence of the profession," but by its imperative convenience.

As it is a mere question of practice, involving no principle of law, and unsettling no legal rights by the change, I am of opinion, notwithstanding the lapse of time and the cases of acquiescence in this court, that Foreman v. Schricon ought to be overruled and the true reading of the statute reasserted. But whether it be worth while to do this or not, I am altogether opposed to extending the rule to a new case to which it has not heretofore been applied, and to which its application would be especially inconvenient.

There is no necessity to do so. The phraseology of the sections relating to actions commenced by summons and by foreign attachment is not identical. The natural meaning of the words, to be sure, is the same; but the fact that the natural meaning has been distorted in one case does not require that it should also be distorted in the other.

Since the passage of the procedure act of 1887 the rule of Foreman v. Schricon has been practically superseded in actions commenced by summons, and there is therefore all the less difficulty in establishing a different and correct rule in foreign attachment.

The practice in foreign attachment has not been uniform throughout the state. The experience of the members of this court shows three variations as to the time when a narr must be filed, according to the practice of the courts in their various districts: (1) Before the return day. (2) Before the defendant's last day for appearing, i. e., before the third term. (3) Any time before taking judgment. In other parts of the state there may be other variations, but these are sufficient to show that foreign attachment has not been generally understood by the profession as coming within the rule of Foreman v. Schricon. There are reasons why it would be specially inconvenient. The writ is often issued hastily to catch goods while within the jurisdiction, and counsel frequently have to act at some distance from the plaintiffs and require time to get full information. Without enlarging upon these reasons I am of opinion that as the question has never been decided in this court, and the practice in the local courts is not uniform, we are not bound to take a second step in a wrong

direction, but are at liberty to make a new start and decide it rightly according to the natural meaning of the words used in the statute.*

\* See act of May 10, 1889, P. L.