## Lorenz, Appellant, *v.* Berry.

*Ejectment—Practice, C. P.—Filing declaration—Appearance—Act of May* 8, 1901, *P. L.* 142.

Under the Act of May 8, 1901, P. L. 142, judgment cannot be entered in ejectment for want of an appearance where the plaintiff has failed to file his declaration on or before the return day of the writ.

Argued Oct. 13, 1903. Appeal, No. 1, Oct. T., 1903, by appellants, from order of C. P. Armstrong Co., Sept. T., 1901, No. 37, making absolute rule to strike off judgment in case of Lewis Lorenz et al. v. Lewis D. Berry et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Perry township and Fairview township.

Rule to strike off judgment. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the following order of the court: "For the reason that the return day of the writ was on the first Monday of September, 1901, and the plaintiff did not file his statement until January 8, 1902, we are of the opinion that the judgment by default entered February 4, 1902, is irregular and

must be set aside.   And now September 26, 1902, the judgment of February 4, 1902, and habere facias possessionem issued thereon September 8, 1902, are set aside and it is ordered and directed that the defendants be restored to all things which they have lost by occasion of the judgment aforesaid."

*C. E. Harrington* and *M. F. Leason,* for appellants.—Although a judgment by default in ejectment, without affidavit of the service of the summons is erroneous, yet if said judgment be taken without such affidavit, where a summons has been returned served, the defendant will be bound by it after the lapse of the time allowed for suing out a writ of error, which in such case will run from the judgment: Camp v. Welles, 11 Pa. 206; Clarion, etc., R. R. Co. v. Hamilton, 127 Pa. 1; Penna. Central Ins. Co. v. Gans, 91 Pa. 103.

*S. F. Bowser* and *Calvin Rayburn,* with them *A. L. Bowser,* for appellees.—It is a well settled rule of construction, that what is directed to be done, where no time of performance is fixed, must be done presently, is in law a covenant or duty for immediate performance: Rhoads v. Reed, 89 Pa. 436; Demarest v. McKee et al., 2 Grant, 248.

In all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceeding will be utterly void: Norwegian Street, 81 Pa. 349.

In construing the 33d section of the act of 1836, providing for judgment by default, it is said: "Under that section it has been repeatedly held that filing a declaration before the return day is a condition precedent to the right of the plaintiff to take judgment:" Melloy v. Burtis, 124 Pa. 161; Black v. Johns, 68 Pa. 83.

When the declaration is not filed before the return day the judgment is irregular: Black v. Johns, 68 Pa. 83; Melloy v. Burtis, 124 Pa. 161.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904:

This is an action of ejectment.   The summons was issued June 15, 1901, returnable to the next term, which commenced on the first Monday of September, 1901.   The sheriff made a

return, under oath, that he had duly served the writ on June 21, 1901. The defendants did not appear. The plaintiffs filed a statement and abstract of title on January 8, 1902; and on February 4, 1902, during the second term after the issuing of the writ, they entered judgment against defendants in default of an appearance. A writ of habere facias possessionem was issued and the plaintiffs were put in possession of the premises in the following September. On application, the court below set aside the judgment and restored the possession of the real estate to the defendants. This order was made on the ground that the Act of May 8, 1901, P. L. 142, required the statement to be filed on or before the return day of the writ, and that the plaintiffs, not having complied with the statute in this respect, could not enter judgment against the defendants in default of an appearance. The correctness of this ruling raises the controlling question in the case.

By the Act of March 21, 1806, sec. 12, Purd. 711, pl. 10, it is provided that in actions of ejectment the plaintiff shall file in the office of the prothonotary, on or before the first day of the term to which the process is returnable, "a description of the land, together with the number of acres which he claims and declares that the title is in him." By the same act, the defendant is required to "enter his defense (if any he hath) for the whole or any part thereof, before the next term, and thereupon issue shall be joined." No provision is made in this act for judgment in default of an appearance. But in the supplemental statute of April 13, 1807, sec. 2, Purd. Dig. 710, pl. 5, it is enacted that "in case of any of the defendants not appearing, on motion to the court and on affidavit of the sheriff, or other officer, having served the said writ, stating the manner in which the said service was made, and on the same being deemed by the court a service agreeably to law, judgment may be enacted by default, . . . . and a writ of possession may issue upon such judgment." The practice under this legislation is well settled. No statement, or declaration, or abstract of title was required to be filed by the plaintiff, but it was his duty to file simply "a description of the land " on or before the first day of the term, to which the process was returnable. This statutory provision was complied with by filing a paper containing a description of the land, or by the plaintiff directing

the prothonotary in writing on the præcipe to file it as a description of the premises, which was the practice in many of the districts of the state. If the defendant entered a plea of not guilty, the cause was at issue and ready for trial. If no appearance was entered for the defendant, judgment by default was entered against him under the statute. But it will be observed that by the act of 1806 the description of the land was required to be filed in the prothonotary's office "on or before the first day of the term to which the process issued is returnable," and hence this was necessarily a prerequisite to the entry of a judgment in default of an appearance. Had the plaintiffs failed to file a description of the land within the time named in the statute, to wit: on or before the return day of the writ, no judgment by default could have been taken against the defendants. The statutory provisions must be strictly complied with before the court can, by its judgment, decree the defendant to be in default.

Such was the legislation and practice thereunder in actions of ejectment prior to the passage of the Act of May 8, 1901, P. L. 142. By the second section of this act the plaintiff is required to "file a declaration, which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims the land in dispute, and, in addition to the plea of 'not guilty,' now required by law, the defendant shall file an answer, in the nature of a special plea, in which he shall set forth his grounds of defense, with an abstract of the title by which he claims." It is most strenuously contended by the appellants that the act does not require the filing of a declaration on or before the return day of the writ, and that as there was no appearance there was no occasion to file a statement and abstract of title in this case. In this interpretation of the act we do not concur. The purpose of the second section of the statute, as disclosed by the title, was to "regulate the procedure in such actions (ejectment)." The language of the section is imperative and requires that "in all actions of ejectment hereafter to be brought, the plaintiff shall file a declaration."

Similar language in like statutes regulating the practice in personal actions has been construed time and again by this court as requiring the declaration to be filed on or before the

return day of the writ. Section 33 of the Act of June 13, 1836, Purd. Dig. 62, pl. 16, provides, that " it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default for want of an appearance." Since the enactment of this statute it has been frequently and uniformly held that the plaintiff is not entitled to judgment for want of an appearance unless the declaration has been filed before the return day of the writ. The 53d section of the same act provides that in foreign attachment " it shall be lawful for the plaintiff at the third term of the court after the execution of the writ aforesaid, if he shall have filed his declaration, to take judgment thereon against the defendant for default of an appearance, unless the attachment before that time be dissolved." In construing the act in Melloy v. Burtis, 124 Pa. 161, we held that a filing declaration before the return day of the writ was a condition precedent to the right of the plaintiff to take judgment. In delivering the opinion STERRETT, J., said : " It is true the defendant in foreign attachment has two full terms, after execution of the writ, in which to appear ; but he may appear on the return day, and if he does, he ought to be able to find upon the record a declaration setting forth the cause of action."

We can see no reason why the act of 1901 should receive a different construction from that placed upon the act of 1836, regulating the practice in personal actions. While the phraseology of the two acts is somewhat different, the purpose of both statutes is to regulate the practice in filing the declaration or statement of the plaintiff's cause of action in suits at law. If, as this court has held, the declaration should be filed on or before the return day of the writ in assumpsit and foreign attachment, so that the defendant could ascertain the cause of action on the return day of the writ, it is not apparent nor can there be any sufficient reason why the pleadings should not disclose to a defendant in an action of ejectment the same information on the return day of the writ. In both actions he is commanded by the writ to appear at the time designated therein, and the pleadings should then disclose the cause of action to which he must make answer. He then has the information, in an action of ejectment, to enable him to prepare his defense, " if any he hath, for the whole, or any part thereof, before the next term."

The act of 1806 requires a description of the land, together with the number of acres, to be filed in the prothonotary's office on or before the first day of the next term. The form of the writ prescribed by the act recites that the plaintiff alleges that the right of possession, or the title to the land, thus described, is in him. On the return day of the writ, the time he is required to appear, the defendant is thus advised by the pleadings of the plaintiff's cause of action. The description of the land served the purpose of a declaration or statement of the cause of action, and was required to be filed on or before the date the defendant was to appear. In the enactment of the statute of 1901 the legislature thought that the cause of action should be more fully stated and should contain, in addition to a description of the premises in dispute, a statement of the plaintiff's title, and therefore it was provided that thereafter he "should file a declaration, which shall consist of a concise statement of his cause of action, with an abstract of title under which he claims the land in dispute." As the declaration under the act of 1901 is but an amplification of the plaintiff's cause of action as contained in the description of the land required to be filed under the act of 1806, there is the same reason for filing it on or before the return day of the writ as there was, under the earlier act, for filing the description of the land within that time. In both acts, we think, it was the manifest intention of the legislature that the plaintiff should file the statement of his cause of action on or before the return day of the writ.

The record disclosing the fact that the judgment had been entered by default without a compliance with the statute, the learned court below was right in giving the defendant relief.

The decree is affirmed.