# Keystone Brewing Company, Appellant, *v.* Canavan.

*Foreign attachment—Judgment for want of an appearance—Assessment of damages—Pleading—Nulla bona—Duty of garnishee.*

To support an assessment of damages in a foreign attachment after judgment against the defendant for want of an appearance, the record should show that a rule had been taken by the plaintiff, that in pursuance of the rule the damages had been assessed, and that evidence had been produced before the prothonotary upon which the assessment had been made. Mere figures and a calculation on the back of the præcipe directing the entry of judgment, are not sufficient to support the assessment, where there is nothing whatever upon the docket to show that damages had been assessed at all, or that judgment had been entered for any amount whatever. The proceeding is statutory, and the record should disclose that the damages had been assessed in compliance with the statute.

A defective assessment of damages in the judgment on a foreign attachment against the defendant, may be taken advantage of by the garnishee under the plea of nulla bona on the trial of the cause.

It is the duty of a garnishee in a foreign attachment to protect his creditor's interest by resisting the claim of the plaintiff, unless the latter has complied strictly with the statute in procuring the judgment against the defendant and assessing the damages thereon.

If the defendant is in court as in the cases of Poor v. Colburn, 57 Pa. 415, and First Nat. Bank v. Trainer, 209 Pa. 387, the garnishee is under no obligation to object to irregularities, inasmuch as the defendant is in court to protect himself.

Argued April 14, 1908.   Appeal, No. 339, Jan. T., 1907, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1901, No. 579, for garnishee non obstante veredicto in case of the Keystone Brewing Company v. Thomas Canavan, defendant, and Thomas Forestal, garnishee. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Scire facias sur foreign attachment.   Before HALSEY, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2.132.   Subsequently the court entered judgment for garnishee non obstante veredicto.

*Error assigned* was in entering judgment for garnishee non obstante veredicto.

*M. J. Mulhall,* for appellant.—Under any aspect of the case the judgment, which was for want of an appearance, was good, even if the assessment of damages were irregular: Poor v. Colburn, 57 Pa. 415.

It was held in the case of O'Connor v. O'Connor, 2 Grant, 245, that a garnishee in a foreign attachment in a scire facias against himself cannot set up as a defense, that the judgment against the original defendant was not liquidated according to the rules of court. Execution attachments are governed by the law relating to foreign attachments, and it has been expressly held in First National Bank v. Trainer, 209 Pa. 387; Poor v. Colburn, 57 Pa. 415, that "after plea of a nulla bona the regularity of the process cannot be questioned; the plea is a waiver of such irregularity."

*Edward A. Lynch,* with him *James H. Shea* and *Moses H. Salsburg,* for appellee.—It cannot be contended, under the authorities, that a scire facias can issue against a garnishee in foreign attachment without the assessment of damages against the defendant: Thornton v. Bonham, 2 Pa. 102; Pancake v. Harris, 10 S. & R. 109.

In a proceeding by foreign attachment to reach the property of a nonresident who has not been served, and who has no notice of the suit, the loose method pursued in this case is without precedent or judicial sanction to support it: Seymour v. Fulton, 9 Pa. Dist. Rep. 611; Hampton v. Matthews & Shaw, 14 Pa. 105; Oliver v. Becker, 13 Luzerne Leg. Reg. Rep. 15.

OPINION BY MR. JUSTICE MESTREZAT, May 11, 1908:

This is an action of foreign attachment against Thomas Canavan, defendant, and Thomas Forestal, garnishee. The writ was issued January 31, 1901. There was no appearance for the defendant, and on August 7, 1901, the plaintiff's counsel by præcipe filed with the prothonotary directed him to "enter judgment against defendant in above case for want of an appearance." Thereupon the prothonotary made the following entry in the record of the case on the continuance docket: " Now, August 7, 1901, by præcipe of plaintiff's attorney filed, judgment is entered against defendant for want

of an appearance. (See files.) " It appears from the statement in the opinion of the learned trial judge, although the record as certified to us does not disclose the fact, that the prothonotary entered. judgment against the defendant for $2,370.12. Aside from certain figures and a calculation on the back of the præcipe directing the entry of judgment, there is nothing to indicate by what method, or upon what proof, the prothonotary assessed the damages. The continuance docket does not show that the damages were assessed at all, or that judgment was entered for any amount whatever. That record should show that a rule had been taken by the plaintiff; that in pursuance of the rule the damages had been assessed, and that evidence had been produced before the prothonotary upon which the assessment had been made. The proceeding is statutory, and the record should disclose that the damages had been assessed in compliance with the statute.

The scire facias accompanying the writ of attachment was served upon the garnishee and properly returned on the day the writ was issued. On the same day the plaintiff filed interrogatories and entered a rule on the garnishee to appear and answer on or before August 30, 1901. The garnishee filed an answer to the interrogatories denying that he had any estate or effects of the defendant in his hands, and on November 11, 1904, pleaded nulla bona, with leave, etc. The case was tried in 1905 and a compulsory nonsuit was entered against the plaintiff, which the court subsequently struck off. The case was again tried in April, 1906. At the conclusion of the testimony in this trial the garnishee's counsel requested the court to direct a verdict for the defendant. The court, however, submitted the case to the jury which returned a verdict in favor of the plaintiff. Subsequently on motion of the garnishee's counsel, the court directed judgment non obstante veredicto in favor of the garnishee. From that judgment we have this appeal by the plaintiff. The ground on which the learned trial judge entered judgment in favor of the garnishee was that the damages had not been assessed against the defendant in the attachment in compliance with the Act of April 9, 1870, P. L. 60, 2 Purd. (13th ed.) 1721. The court also held that this irregularity or defect in the judg-

ment against the defendant could be taken advantage of by the garnishee under the plea of nulla bona on the trial of the cause. The plaintiff denies the correctness of both these propositions, and contends that the damages were properly assessed, and if not the garnishee could not raise the question under his plea of nulla bona on the trial of the cause or, subsequently, on a motion for judgment non obstante veredicto.

The act of 1870 provides that after judgment has been entered against the defendant by default, " it shall be lawful for the plaintiff to enter a rule for the prothonotary to assess the damages, which the prothonotary may do, upon evidence produced to him, or upon the affidavit of the plaintiff, or some other person cognizant of the transaction." Prior to this act, damages were assessed by a writ of inquiry. Now, the act of 1870 provides the appropriate method for assessing damages against the defendant in default of an appearance. It will be observed that, under the act, the plaintiff must enter a rule and have the prothonotary assess the damages. The initiative in the assessment of damages must be taken by the plaintiff and the prothonotary should not act until a rule has been entered by the plaintiff. After the rule has been taken, the act authorizes the prothonotary to assess the damages, " upon evidence produced to him, or upon the affidavit of the plaintiff, or some other person cognizant of the transaction."

The record in the case shows that there was no assessment of damages whatever by the prothonotary, much less a compliance with the act of 1870 in assessing the damages. The continuance docket shows that a judgment was entered as directed by the plaintiff's præcipe, but there is no further entry on the docket showing that the damages were assessed. We will assume, as it has been so stated by the trial judge, that a judgment was entered, for a specific sum, but it was only in the judgment docket. The record certified to us does not contain a copy of the judgment index and hence we do not know what that record contains. There is, however, absolutely nothing in the record to show that the prothonotary assessed the damages or that there was any evidence produced before him upon which he could do so. The figures on the back of the plaintiff's præcipe directing the entry of judgment are of no consequence whatever. They may show a calcula-

tion resulting in the sum which was entered on the judgment docket, but they are not the evidence required by the statute on which the prothonotary could act to assess the damages. In fact, the record does not show that the figures on the back of the præcipe were made by the prothonotary, or that the sum entered on the judgment docket, representing the damages, was ascertained by that calculation. The record is barren of even any pretended compliance with the act of assembly in the assessment of damages in the attachment proceedings against the defendant. The law requires not only the entry of judgment but the assessment of damages in the manner pointed out by the statute.

It is contended, however, by the plaintiff's counsel that the garnishee could not take advantage of the defects or irregularities in the record on the trial of the cause under the plea of nulla bona. There is some apparent conflict in our cases on this question, but we think they can be reconciled when the facts of the cases are considered. Thornton v. Bonham, 2 Pa. 102, was foreign attachment in which judgment was entered against the defendant for want of an appearance, but the damages were not assessed by writ of inquiry as they were required to be at that time. On the trial of the scire facias the court directed a verdict in favor of the garnishee. In sustaining the judgment entered on the verdict, Mr. Justice SERGEANT, after saying that the damages should have been assessed by a writ of inquiry before the scire facias was issued, continued : "It seems, also, that he (garnishee) may take advantage of the objection (that the damages had not been assessed), on the trial of the issue on the scire facias, for in Pancake v. Harris, 10 S. & R. 109, it was decided that the declaration, being in substance a declaration in assumpsit for goods sold and delivered, and the judgment not for a liquidated sum, the plaintiff could recover nothing from the garnishee, without executing a writ of inquiry, and he was allowed to take advantage of the objection on the plea of nulla bona." In Pancake v. Harris, the garnishee pleaded nulla bona, and successfully defended on the ground that prior to the issuing of the scire facias against him the damages had not been ascertained by a writ of inquiry. The doctrine of the above cases is reaffirmed in Melloy v. Burtis, 124 Pa. 161. There, on motion of

the garnishee, the trial court struck off the judgment entered against the defendants for want of an appearance. The plaintiffs appealed,. and contended that the garnishees were stran-gers to the judgment and had no standing to question its validity. In declining to sustain the position, Mr. Justice STERRETT, delivering the opinion of the court, said, inter alia (p. 167): "We cannot assent to that proposition. While the garnishee in foreign attachment is not a party to the judg-ment against defendant in the writ, it is not quite accurate to say he is a stranger thereto in the sense intended by plaintiff. The judgment is necessarily the foundation of subsequent pro-ceedings against the garnishee, by which it is sought to take the property or effects of the defendant, attached in his hands, and apply the same to plaintiff's claim. As a general rule the garnishee is bound to see that the proceedings to that end are not illegal. In a legal point of view his relation to the defendant in a writ of foreign attachment is not always the same. In some cases he is simply bailee of defend-ant's property. In others he is his debtor, or he may be either bailee or debtor with a counterclaim of his own, con-sisting of a special lien or a set-off ; or, he may be a trustee of money or property under a valid trust created by the defend-ant in favor of another party. In either case, when he occu-pies the position of bailee or trustee, it is his right, as well as his duty, for his own protection, if nothing more, to insist that no property or effects be taken out of his hands except upon valid process. That duty, if it has not existed before, certainly arises when the garnishee is called upon by scire fa-cias to show cause why plaintiff should not have satisfaction of his judgment out of the estate or effects of the defendant in his hands or possession. The scire facias is predicated of a valid judgment against the nonresident defendant, and if the garnishee is aware that no such judgment exists, or if he has any other just ground of defense, he has a right to interpose it. If he neglects to do so, and the attached property is taken from him, he may become personally liable to those whose in-terests he could and should have protected : 2 Tr. & Haly Prac. sec. 2289 ; Serg. on Att. 113," etc.

Under these authorities there is no doubt that it has been the practice in this state to permit the garnishee, on the trial

of a scire facias, to attack a defective or irregular judgment against the defendant under the plea of nulla bona. While that plea logically would only allow the garnishee to deny that he had in his hands the estate or effects of the defendant, and thereby defeat any judgment against him for the plaintiff's claim, yet for the reasons well stated by Mr. Justice STERRETT, quoted above, the garnishee may attack the validity of the judgment against the defendant. There is reason for holding it to be the duty of the garnishee to protect his creditor's interests by resisting the claim of the plaintiff unless the latter has complied strictly with the statute in procuring the judgment against the defendant. The plaintiff in foreign attachment seeks to enforce a claim against an absent debtor. The absence of the debtor deprives him of an opportunity to appear and defend the action brought against him. So far as he is concerned it is a proceeding in rem to compel his appearance, although he is absent and his appearance is not expected. The only party who has an opportunity to appear and defend is the garnishee who has possession of the defendant's property. It is, therefore, the garnishee's duty to see that the property of the defendant is not applied in satisfaction of the plaintiff's claim unless the latter has established his demand against the defendant in strict compliance with statutory requirements. Assuming such to be the duty of the garnishee, he should be permitted to attack the regularity and legality of the attachment at any step of the proceedings. In Melloy v. Burtis, supra, the garnishee had the judgment vacated, and in the other cases cited the garnishees defeated a recovery against them on the trial by reason of a defect or irregularity in the proceedings. Under the statute the scire facias against the garnishee cannot issue until after the judgment has been entered against the defendant, and hence the former has no knowledge of the proceedings until he is served with the writ. His opportunity, therefore, to attack the proceedings does not arise until after judgment has been obtained against the defendant. Our cases hold, as we have seen, he may do so on the trial of the cause.

It is contended by the counsel for the plaintiff that Poor v. Colburn, 57 Pa. 415, and First National Bank v. Trainer, 209 Pa. 387, support his contention that the failure to assess the dam-

ages or irregularity in assessing the damages cannot be taken advantage of by the garnishee after a plea of nulla bona. In both of those cases, however, the reasons for the rule permitting the garnishee to attack the regularity of the proceedings did not exist, and hence the cases cannot be regarded as sustaining the defendant's position. In Poor v. Colburn, the defendant as well as the garnishee appeared to the attachment, and they both pleaded nulla bona. In First National Bank v. Trainer, Trainer was, individually, the defendant, and as executor was the garnishee and, therefore, although in a different capacity, he was both defendant and garnishee. In both cases it will be observed the defendant was in court and could protect his own interests. If he did not attack the judgment before pleading, there is reason for holding that neither he nor the garnishee under a plea of nulla bona should be permitted to attack either the judgment or the regularity of the proceedings leading up to it. He may waive an irregularity or defect in the attachment proceedings, and he does so, if, without attacking them, he pleads and goes to trial. If on the trial he may not attack the legality or regularity of the proceedings, of course, the garnishee cannot be heard to do so. In both the cases relied upon by the plaintiff, the defendant was in court to protect himself, and having waived the irregularity of the proceedings, the garnishee could not be permitted to attack them on the trial.

In the case in hand, when the testimony was closed and the garnishee requested the court to direct a verdict in his behalf, the evidence in the case disclosed that there had been no assessment of damages in the judgment entered against the defendant, as required by the act of 1870, and as that was a condition precedent to the plaintiff's right to a verdict and judgment against the garnishee, the latter was entitled to a verdict, and the court having refused to direct a verdict for the garnishee, the latter was subsequently entitled to a judgment non obstante veredicto.

The judgment is affirmed.