Marano *v.* Granata (Hankin, Appellant) et al.

Argued October 8, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Milford J. Meyer,* for appellant.

*Edward Paul Smith,* with him *George Walter Witney,* for appellee.

OPINION BY KENWORTHEY, J., January 28, 1943:

This is a proceeding for the allowance of a counsel fee under Section 1 of the Act of April 29, 1891, P. L. 35, 12 PS §3001, by a garnishee in foreign attachment.

He asked $500. He appeals from an order of the court allowing him only $75.

The writ of attachment was issued November 14, 1940. On November 25, 1940, appellant caused an appearance to be entered by his attorney, Milford J. Meyer, Esq. Plaintiff's affidavit of cause of action was filed on November 29, 1940, and on December 11, 1940, appellant ruled him to show cause why the writ should not be quashed and the attachment dissolved. The rule contained an order to stay all proceedings. The petition alleged (1) that the affidavit did not set forth a good cause of action, and (2) the attachment caught nothing. After argument in the lower court (December 23, 1940), but before its decision was filed, defendants, on December 24, 1940, caused an appearance *de bene esse* to be entered by appellant as their attorney. On January 29, 1941, the lower court made absolute the rule to dissolve the attachment on the ground there was a misjoinder of defendants. We affirmed on *both* grounds alleged in the petition. *Marano v. Granata*, 147 Pa. Superior Ct. 558, 24 A. (2d) 148.

Appellant, as garnishee, through his attorney, carried the burden of defense throughout; Mr. Meyer not only prepared the petition and rule to quash and dissolve the attachment, he argued the case in the lower court and prepared a brief and argued the case on appeal in this court. However, in fixing the amount of the fee, the lower court took the position that all services performed by appellant's attorney after the entry of the appearance *de bene esse* for defendants should be disregarded. The court said: "An allowance of a counsel fee as part of plaintiff's cost in this case is limited to recompense for services rendered by petitioner's counsel prior to the appearance for defendants—for preparation and presentation of petitioner's defense in this court, and not for services rendered in the Superior Court. The latter services were rendered after peti-

tioner's appearance for defendants and beyond the duty of the garnishee, hence beyond his right."

The primary purpose of a foreign attachment is to compel a foreign non-resident to appear within the jurisdiction and defend plaintiff's claim; the secondary purpose is to secure a fund out of which plaintiff's claim, when reduced to judgment, will be paid. *Sniderman v. Nerone,* 136 Pa. Superior Ct. 381, 385, 7 A. (2d) 496; *Raymond v. Leishman,* 243 Pa. 64, 89 A. 791. Defects in the affidavit of cause of action may be attacked by either the garnishee (*Mindlin v. Saxony Spinning Co.,* 261 Pa. 354, 104 A. 598) or by the defendant. *Pasquinelli v. Southern Macaroni Mfg. Co.,* 272 Pa. 468, 116 A. 372. "It is his [garnishee's] right as well as his duty, for his own protection, if nothing more, to insist that no property or effects be taken out of his hands except upon valid process." *Melloy v. Burtis,* 124 Pa. 161, 167, 16 A. 747. "It is ...... the garnishee's duty to see that the property of the defendant is not applied in satisfaction of the plaintiff's claim unless the latter has established his demand against the defendant in strict compliance with the statutory requirement. Assuming such to be the duty of the garnishee, he should be permitted to attack the regularity of the attachment at any step of the proceeding." *Keystone Brewing Co. v. Canavan,* 221 Pa. 366, 372, 70 A. 785. The reason for this is thus expressed in the latter case at page 372: "The plaintiff in foreign attachment seeks to enforce a claim against an absent debtor. The absence of the debtor deprives him of an opportunity to appear and defend the action brought against him ...... The only party who has an opportunity to appear and defend is the garnishee who has possession of the defendant's property."

But the burden of resisting judgment against *him* is primarily on the defendant, not the garnishee; the garnishee's primary duty is to raise questions pertaining to whether he has funds in his hands belonging to

defendant, and ordinarily such questions are not raised until after the judgment against defendant. *Rex v. Paramount Rubber Co.* 110 Pa. Superior Ct. 536, 168 A. 366; *Stewart v. Stewart,* 127 Pa. Superior Ct. 567, 193 A. 860.

It was not necessary for defendants to appear when they did in order to prevent judgment. Appellant had obtained an order to stay proceedings. Their appearance was purely voluntary. When they entered it, the proper assumption was that they would take charge of the defense from that point on. In our opinion, the law imposed that duty on them. *Keystone Brewing Co. v. Canavan,* supra, at p. 373. And it makes no difference that defendants' appearance was special rather than general. Their special appearance put defendants in a position to challenge the sufficiency of the affidavit of cause of action. *Glenny v. Boyd,* 26 Pa. Superior Ct. 380; *Turner v. Larkin,* 12 Pa. Superior Ct. 284. And since an appearance *de bene esse* is "a dilatory plea" defendants were bound under it to act promptly; the failure to so act converts it into a general appearance. *Daley v. Iselin,* 212 Pa. 279, 61 A. 919.

True, appellant carried all the way to this court not only his attack on the sufficiency of the affidavit of cause of action, but the question whether he had any funds in his hands belonging to defendants. And the latter question ordinarily cannot be raised by motion to dissolve filed by defendant in foreign attachment. *Stewart v. Stewart,* supra. But, clearly, defendants could have carried on that defense here because, by the time they appeared, the facts had all been established by the pleadings. See *Marano v. Granata,* supra; *Pasquinelli v. Gross,* 74 Pa. Superior Ct. 296.

In our opinion, the lower court properly disregarded the services rendered by appellant's counsel subsequent to defendants' appearance.

The total amount of plaintiff's claim was $951. In reaching the conclusion that $75 would adequately compensate appellant's counsel for the services rendered prior to defendants' appearance, the court in its opinion showed a full and sympathic appreciation of the amount of work performed. It took into consideration the amount of money involved, and the fact that plaintiff, as a result of the procedure, received absolutely nothing. We find no abuse of discretion.

The order is affirmed.