## Foreman *against* Schricon.

To entitle a party to judgment by default under the Act of the 13th June 1836, he must have his declaration filed at the time prescribed by the Act.

ERROR to the District Court of *Allegheny* county.

This was an action of debt founded upon an insolvent bond, by Henry Schricon against Hugh Bean and George D. Foreman, brought to January term 1842, and the writ duly served upon the defendants. The defendants did not appear. On the 27th August 1842, the plaintiff's attorney filed a declaration and signed judgment for want of appearance, which the court below refused to set aside.

*M'Clure* and *M'Candless*, for plaintiffs in error, cited Act of 13th June 1836, secs. 33, 34; 6 *Binn.* 88; 8 *Serg. & Rawle* 157.

*Dunlop*, contra, cited 6 *Serg. & Rawle* 554.

PER CURIAM.—A judgment like the present was sustained in *Morrison* v. *Wetherel*, (8 *Serg. & Rawle* 502), though it had been signed palpably in violation of the Act of 1724–5. The justification of that decision is to be found in the universality of the practice, and the great number of judgments that would have been overturned by disturbing it. The fact is, the statute had been effectively repealed by the indolence of the profession. But nearly the same provision has been repeated in the existing statute, and the Legislature certainly intended that it should be executed. To accomplish this, and prevent injustice from surprise, the declaration must be filed at the time presented. It is evident the defendant was surprised in this instance. He was not bound to appear without a declaration had been filed; and when none had been filed at the appointed time, he had reason to think he would not be required to appear. The plaintiff let the matter rest for eight months, then filed his declaration, and instantly signed judgment for want of an appearance. That was springing a mine on the defend-

[Foreman v. Schricon.]

ant with a vengeance. Haply we have it in our power to prevent this practice for the future, without disturbing judgments signed under the former statute, by giving its legitimate force to the statute now in force.

Judgment reversed.