## Black *versus* Johns *et al.*

1. Where a summons has been served ten days before the return-day and no rule of court directs otherwise, the practice is to take judgment for default of appearance after the first four days of the term.

2. A service of the 28th of October, the return-day being the 7th of November, is ten days before the return-day, that day being left out of the count.

3. The time for appearance in such case was on the 10th, and judgment for default on the 11th was regular.

4. But where the declaration is not filed before the return-day the judgment is irregular.

5. Foreman *v.* Schricon, 8 W. & S. 43, Dennison *v.* Leech, 9 Barr 164, recognised.

March 3d 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Philadelphia :* Of January Term 1871, No. 169.

This was an action of assumpsit issued October 22d 1870, by Edward A. Johns and William A. Lippincott, trading as Johns & Lippincott, against Robert J. Black.

The writ was issued to November Term, the return-day of which was November 7th; it was served October 28th.

The declaration was filed November 10th 1870. On the 11th of November the court directed judgment to be entered for want of an appearance against defendant in favor of the plaintiff; the prothonotary to assess damages; they were assessed at $839.10. This was assigned for error on the removal of the record to the Supreme Court by the defendant.

*E. C. Mitchell* and *W. S. Price,* for plaintiff in error.—1. Sufficient time had not elapsed after the service of the writ, viz., *quartus dies post* after the return-day. 2. Because the declaration was not filed before the return-day : Act of June 13th 1836, §§ 33, 34, Purd. 32, pl. 14, 15, Pamph. L. 579; Michew *v.* McCoy, 3 W. & S. 502; Act of March 20th 1724, 1 Sm. Laws 164; Fisher *v.* Potter, 2 Miles 148; 1 Tr. & H. Prac. 274, note 5; 1 Tidd's Prac. 122; Co. Litt. 135 a; 3 Thomas' Coke 282; Hatfield *v.* Swiler, 4 Casey 522; Foster *v.* Reynolds, 1 Phila. Rep. 241; Foreman *v.* Schricon, 8 W. & S. 43; Dennison *v.* Leech, 9 Barr 164. .

*J. W. Patton* and *R. C. McMurtrie,* for defendants in error.—Judgment on the 14th day, exclusive of the day of service, is not premature : 1 Tr. & H. Pr. part 1, 274, n. 5; 1 Tidd's Prac. 122. Every reasonable presumption is to be made in favor of a judgment : Hall *v.* Law, 2 W. & S. 136; McMurray *v.* Erie, 9 P. F. Smith 226. Each court is the best exponent of its own rules, and a mistake must be very obvious to induce a court of

error to reverse a judgment for that reason alone: Dailey *v.* Green, 3 Harris 128; Wickersham *v.* Russell, 1 P. F. Smith 73. The first day is to be excluded and the last day included: Cromelien *v.* Brink, 5 Casey 524.

The opinion of the court was delivered, March 13th 1871, by

AGNEW, J.—As to time, this judgment was taken regularly. When the summons has been served ten days before the return-day, and no rule of court directs otherwise, the practice is to take judgment for default of appearance after the first four days of the term have elapsed. Judgment therefore can be taken on Friday of the first of the term. This practice has prevailed both before and since the passage of the Act of 13th June 1836, relating to actions. The summons in this case was served on the 28th of October, the return-day being Monday, the 7th day of November. This, according to universal practice, is a service of ten days before the return-day, the return-day being left out of the count. Adding the first four days of the term, making fourteen in all, the time for appearance expired on Thursday, the 10th day of November: judgment was therefore properly entered on the 11th day of November, which was Friday.

But the declaration was not filed before the return-day, and the judgment was therefore irregular on the authority of Foreman *v.* Schricon, 8 W. & S. 43, and Dennison *v.* Leech, 9 Barr 164. Dennison *v.* Leech was decided in 1848, after the decision by the District Court of May *v.* Sharp in 1846, and must therefore govern, especially as it was directly on the point now before us.

After two decisions it would be improper now to give a new reading of the Act of 1836. The declaration must therefore be filed before the return-day of the writ to warrant a judgment for the default of an appearance.

Judgment reversed and *procedendo* awarded.