## Vanormer *versus* Ford.

1. A plaintiff is not entitled to judgment for want of an appearance under the provisions of the Act of June 13th 1836, § 33 (P. L. 578), unless he has filed his declaration prior to the return day of the writ.

2. A rule of court providing that the plaintiff may enter such a judgment upon filing a declaration, whether the declaration be filed at the return day or not, is in contravention of the Act of Assembly, and is therefore of no force or effect.

May 25th 1881. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

ERROR to the Court of Common Pleas of *Juniata county:* Of May Term 1881, No. 33.

Replevin, by W. P. Ford, *et al.* against William C. Vanormer for one bay horse, etc. The writ issued July 20th 1878, "returnable next term, first Monday in September next," viz., September 8th 1878. The summons was served July 22d 1878. A claim property bond was entered by the defendant, and the horse was retained by him. On September 9th 1878, the plaintiff filed his declaration in replevin, and on the same day, by order of plaintiff's attorney, judgment was entered *sec. reg.* against the defendant for want of appearance, damages to be liquidated by writ of inquiry.

The rule of the court of Common Pleas of Juniata county, No. 28, § 130, under which judgment was signed, is as follows:

"In actions personal or real, except ejectment, the plaintiff, having filed a declaration, may have judgment, of course, against the defendant, in default of appearance at any time after the return day and ten days service of the writ, without

2 OUTERBRIDGE—12

[Vanormer *v.* Ford.]

reference to the *quarto die post*, and irrespective of the fact as to whether the declaration be filed at the return day or not."

A rule to show cause why the judgment should not be opened was discharged by the court, and under a writ of inquiry the damages were liquidated at $35. The defendant thereupon took this writ of error, assigning for error the entry of judgment as above.

*E. S. Doty, Jr.* (with him *Ezra B. Parker*), for the plaintiff in error.—Perhaps under a literal reading of the rule of court the judgment might be sustained; but we submit that the rule is in direct conflict with the act of June 13th, 1836, § 33, Pamph. L. 578, which is as follows:

"If the defendant in any writ of summons as aforesaid, shall not appear *at the return day* thereof, and the officer to whom such writ was directed, shall make return that it was served upon the defendant ten days before the return day aforesaid, it shall be lawful for the plaintiff, *having filed his declaration*, to take judgment thereon for default of appearance, according to the rules established by the court to regulate the practice in this respect."

A rule of court, prescribing a practice in contravention to an Act of Assembly, is invalid : Boas *v.* Nagle, 3 S. & R. 250.

It is even doubtful whether the Act of 1836 applies to the action of replevin. The Common Pleas of Bucks county, following by analogy Morton *v.* Hoodless, 1 Miles 46, have held that it does not. See also Crofut *v.* Chichester, 3 Philada. Rep. 457 ; Lynd *v.* Benjamin, 2 Miles 172. The defendant having claimed the property and given a bond, that should have been treated as in effect an appearance. But it is well settled that a defendant is not bound to appear unless a narr. had been filed before the return day : Foreman *v.* Schricon, 8 W. & S. 43 ; Dennison *v.* Leech, 9 Barr 164.

*Louis E. Atkinson*, for the defendant in error, presented no paper book. He argued that section 33 of the Act of 1836, *supra*, expressly provides that judgment for default of appearance may be taken " according to the rules established by the court to regulate the practice in this respect;" that the rule in question had been in force and unquestioned for over ten years, and could properly be sustained.

Mr. Justice Paxson delivered the opinion of the court October 3d 1881.

The defendant did not appear upon the return day. On the day following the plaintiff filed his declaration, and at the

[Sykes *v.* Gerber.]

same time signed judgment against the defendant by default for want of an appearance.

This was error. To entitle the plaintiff to a judgment by default under the Act of 1836, he must file his declaration before the return, day. Dennison *v.* Leech, 9 Barr 164; Foreman *v.* Schricon, 8 W. & S. 43; Black *v.* Johns, 18 P. F. S. 83. In the case last cited it was held the defendant is not bound to appear until a declaration has been filed, and when none had been filed at the appointed time he had reason to think he would not be required to appear.

It is said, however, the judgment can be sustained under the rule of court. We do not think so. It is true the rule does provide that the plaintiff may have judgment by default "without reference to the *quarto die post*, and irrespective of the fact as to whether the declaration be filed at the return day or not." This rule is in contravention of the Act of 1836. Rules of court are intended to facilitate the dispatch of business, but they cannot repeal an Act of Assembly. It is expressly declared by the 21st section of the Act of 16th June 1836, P. L., 787, "That such rules shall not be inconsistent with the constitution and laws of this commonwealth." And see Boas *v.* Nagle, 3 S. & R. 250. While the Act authorizes the taking of judgments by default "according to the rules established by the court to regulate the practice in this respect," it does not empower the court to dispense with the filing of a declaration before the return day. On the contrary, it makes such filing a prerequisite to the signing of judgment.

The judgment is reversed and a procedendo awarded.