# Spang & Company, Appellant, *v.* Adams Express Company.

*Practice, C. P.—Practice Act of 1915—Commencement of actions—Summons—Act of June 13, 1836, P. L. 572.*

An action in assumpsit is not properly commenced by the service of a plaintiff's statement in accordance with the provisions of the Practice Act of 1915 (Act of May 14, 1915, P. L. 483).

The Practice Act of 1915 (Act of May 14, 1915, P. L. 483), did not abolish the regular method of instituting actions in trespass and assumpsit by a summons served by the sheriff in accordance with the provisions of the Act of June 13, 1836, P. L. 572.    It is still necessary in such actions to issue a writ of summons in accordance with the Act of 1836.

The Practice Act of 1915 must be held to mean that when actions are brought in the manner provided by law the pleadings shall be conducted in the manner by that statute defined.    The

Act of June 13, 1836, section 1, P. L. 572, provides for the commencement of personal actions and prescribes the form of the writ and the manner of service.  There is nothing in the subsequent statutes which obviates the necessity of beginning the action in the manner required by this act.

Argued April 22, 1920.  Appeal, No. 92, April T., 1920, by plaintiff, from order of C. P. Butler County, March T., 1918, No. 17, striking off judgment in the case of Spang & Company v. Adams Express Company.  Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Rule to strike off judgment.  Before REIBER, P. J.
The opinion of the Superior Court states the case.
The court made absolute the rule to strike off judgment.  Plaintiff appealed.

*Error assigned* was the order of the court.

*W. D. Brandon,* and with him *J. Campbell Brandon,* for appellant.—Since the passage of the Practice Act of 1915 it is not necessary to issue a summons in actions of assumpsit: Griesmer v. Hill, 225 Pa. 545; Shipley-Massington Co., etc., v. Golden, 27 D. R. 953; Beishline v. Kahn, 265 Pa. 101; Reighard v. Rothrock, 27 D. R. 671; Dick v. Forshey, 71 Pa. Superior Ct. 439.

*C. F. Patterson,* and with him *Murrin & Murrin,* and *Cummings,* for appellee.—The Practice Act of 1915 presupposes an action already brought in the court of common pleas.  Under the statute the statement is the first step in the procedure after the action has been commenced: American Lumber and Manufacturing Co. v. Ensminger Lumber Co. Receiver, 45 C. C. R. 212; Patterson v. Shallcross, 47 C. C. R. 117; Phila. and Reading Coal and Iron Co. v. Stambaugh, 26 D. R. 275; Reighard v. Rothrock, 27 D. R. 671.

OPINION BY PORTER, J., October 11, 1920:

The plaintiff, on December 18, 1917, filed a statement of claim in the court below, without filing a præcipe for a summons and no such writ was ever issued. The statement averred that the defendant was a common carrier and that the plaintiff had delivered to it at various times goods to be transported, which had been lost during the course of transportation. The cause of action was such that the plaintiff might, at its election, have proceeded for the recovery of the value of the goods, either by an action in assumpsit or in trespass. The plaintiff, on January 30, 1918, caused a copy of the statement of claim to be served upon an agent of the defendant, and, on March 6, 1918, entered judgment against the defendant for want of an affidavit of defense. An execution was afterwards issued on said judgment and the defendant subsequently moved to strike off the judgment, upon the ground that no præcipe for a summons had been filed by the plaintiff, that no summons had ever issued in the case and that the action had never been commenced in any manner authorized by law. The court granted a rule to show cause why the judgment should not be stricken off and vacated, which rule, after an answer and hearing, it made absolute. The plaintiff appeals from that order.

The appellant contends that the Practice Act of 1915, P. L. 483, furnishes a course complete in itself of the procedure and pleadings in all actions of assumpsit and trespass and repeals all prior legislation relating to the commencement of personal actions. If this be so; if the only proceedings authorized by law for the collection of personal claims, by action of assumpsit or trespass through the court of common pleas, are such as this act affords, the procedure is very simple but might not be wholly satisfactory. The act deals only with the pleadings, in the technical sense of that word, in actions of assumpsit and trespass, it abolishes pleas in abatement, pleas of the general issue, payment, payment with leave,

set-off, the bar of the statute of limitations and all other pleas, as well as demurrers, and limits the pleadings to the statement of the plaintiff, the affidavit of defense and, where a counterclaim is alleged in the latter, the plaintiff's reply. It provides for the entry of judgment in favor of the plaintiff, when the allegations of the statement are not sufficiently denied by the affidavit of defense, and for the entry of judgment in favor of the defendant for want of a sufficient reply to his allegation of a counterclaim. It fixes the manner in which an issue shall be arrived at, but is barren of any provision as to how that issue shall be tried in case of disputed facts. The only instance in which the word "verdict" is mentioned is where the defendant has in his affidavit of defense set up a counterclaim, in which case it provides, in section 14, that a verdict may be rendered in his favor for the amount found to be due. There is nothing in this act, standing alone, from which it could be inferred that an issue of fact was to be tried by a jury in any case in which the defendant does not set up a counterclaim. There is nothing in the act which expressly requires that the statement of the plaintiff shall be filed, of record or anywhere else. All that is required is that it be served upon the defendant. The first paper which is, by the act, expressly required to be filed is the affidavit of defense. The act failed to make any provision for the collection of the judgments, the entry of which it authorizes. It seems very clear that it was not the legislative intention to provide by this act a system complete in itself for the collection of claims by action of assumpsit or trespass.

The same legislature which adopted this statute passed the Act of May 3, 1915, P. L. 226, which clearly demonstrates that that body well understood the difference between the commencement of an action, the invoking of the jurisdiction of the court, and the pleadings filed by the parties after the action was brought. The act last mentioned establishes the fees to be charged by

the prothonotary of the court of common pleas, in a certain class of counties. With regard to actions of assumpsit and trespass we find therein the following: "Entry, issuing writ or alias writ, and entering sheriff's return, $1.25." "All other docket entries before filing of pleas or entering judgment, $2." "Filing of plea or entering judgment, $1." It thus appears that, at the same session of the legislature, that body clearly recognized the issuance of the writ as an essential element in the commencement of the action, and distinguished the entry or commencement of the action, from the pleadings filed by the parties. The Practice Act of 1915, in section 1, provides that: "In actions of assumpsit and trespass......brought in any court of common pleas, the procedure shall be as herein provided." It does not say that actions shall be brought in the manner therein provided. The meaning of this statute is, when all its terms are considered, that when actions are brought in the manner provided by law, the pleadings shall be conducted in the manner by the statute defined. The Act of June 13, 1836, section 1, P. L. 572, requires that: "Personal actions, except in cases where other process shall be especially provided, shall be commenced by a writ of summons," and prescribes the form of the writ. That act makes it the duty of the sheriff to serve the writ. The manner of the service is regulated by subsequent legislation, but in that legislation there is nothing which obviates the necessity of beginning the action in the manner by the Act of 1836 required. The 3d section of the same statute provides for the commencement of actions by writ of capias ad respondendum, and prescribes the form thereof. The Act of May 24, 1887, section 1, P. L. 197, authorizes the commencement of actions, in certain cases, by issuing an attachment. The Act of April 6, 1830, P. L. 272, which is still in force, requires the prothonotary of the court of common pleas to collect a tax of fifty cents, for the use of the Commonwealth, on every original writ issued out of said

court (except the writ of habeas corpus) ; and on the entry of every amicable action, on every writ of certiorari issued to remove the proceedings of the justice of the peace, and on every entry of a judgment by confession where suit has not been previously commenced. If no writ of summons is required to be issued under the Practice Act of 1915, actions of assumpsit and trespass do not come within any of the other classes of cases in which the tax can be exacted, under the provisions of the Act of 1830, and it would necessarily follow that the tax cannot be collected. These statutes were all in force at the time the Practice Act of 1915 was approved, and if the contention of the appellant is correct they were all thereby repealed. With this contention we cannot agree. The earlier statutes, above referred to, regulated the manner in which the jurisdiction of the court should be invoked by the plaintiff, the defendant summoned to answer, designated the officer to serve the writ and impose a tax for the use of the Commonwealth. There is nothing in the Act of 1915 which is not entirely reconcilable with all these provisions. The Act of 1915 related only to the pleadings which should be had, after the action had been brought in the manner by the statutes required, and the tax due the Commonwealth paid.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.