## Borteck et al. *v.* Goldenburg et al., Appellant.

*Practice—Actions begun by summons—Judgment for want of an appearance—Section 33 of the Act of June 13, 1836, P. L. 572— Practice Act of 1915.*

The Practice Act of May 14, 1915, P. L. 483, did not repeal Section 33 of the Act of June 13, 1836, P. L. 572, which provides for entry of judgment.for want of an appearance in actions begun by summons.

*Judgments—Opening—Petition—Affidavit by attorney.*

An order discharging a rule to open a judgment will not be reversed on appeal, where it appears that the petition was sworn to by the attorney for the defendant, but without any averment that he had authority to do so, or had personal knowledge of the facts, and that it failed to give the source of the information as to the facts alleged on information to be true; and no depositions were taken to support the allegations of fact which were denied.

Argued November 12, 1925.  Appeals Nos. 316 and 317, October T., 1925, by defendant, from order of M. C. Philadelphia County, June T., 1925, Nos. 154 and 155, in the cases of Morris Borteck, by his next friend and father, Joseph Borteck, and Joseph Borteck, in his own right, v. Isadore Goldenburg, and Ida Borteck, by her next friend and father, Joseph Borteck, and Joseph Borteck, in his own right, v. Isadore Goldenburg.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Rule to open judgment.  Before CRANE and RENSHAW, JJ.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.  Defendant appealed.

*Error assigned* was the order of court.

*Harry R. Axelroth*, and with him *Axelroth and Porteous*, for appellant.

*B. D. Oliensis*, and with him *I. Austin Wolfe*, for appellee.

OPINION BY KELLER, J., April 19, 1926:

This court held in Spang v. Adams Express Co., 75 Pa. Superior Ct. 107, that the Practice Act of 1915 (P. L. 483) did not repeal the provisions of the Act of June 13, 1836, P. L. 572, relative to the commencement of actions of assumpsit and trespass by writ of summons; "that it was not the legislative intention to provide by this act, [Act of 1915], a system complete in itself for the collection of claims by action of assumpsit or trespass" (p. 110). We are likewise of opinion that the Act of 1915, supra, has not abrogated section 33 of the Act of 1836, supra, which provides for the entering of judgment for want of an appearance in said actions. The section is not expressly repealed and there is nothing in the later act inconsistent with its provisions. The right to take judgment for want of appearance under the Act of 1836 still remains and in default of special court rules regulating the subject may be enforced under the general provisions of the statute.

The alias summons in each case—(they grew out of the same occurrence and were argued together)—issued June 30, 1925, returnable the fourth Monday of July, 1925 (July 27). From the printed record it appears to have been served on the defendant on July 10, 1925. Statements of claim indorsed in conformity with the Act of 1915, were filed on July 15, 1925. No appearance for the defendant was entered on the return day and on August 1, 1925, judgment was entered in each action against the defendant for want of an appearance. This conformed to the Act of 1836. The writ was served more than ten days prior to the return day, the declaration or statement was filed before the return day, and no appearance having been entered, judgment was properly entered after the quarto die post: Black v. Johns, 68 Pa. 83; 3 Blackstone's Comm. 278 (Sharswood's Ed.).

On August 10, 1925, identical petitions were pre-

sented, signed and sworn to by defendant's attorney,— not by the defendant himself, it will be noted—, praying that the several judgments be opened and defendant let into a defense. These petitions failed to set forth any excuse for the failure to enter an appearance as directed by the writ; they admitted service of the writ, and by inference, of the statement of claim, for they averred that the defendant "referred the summons and *statement of claim* to his aforesaid insurance carrier who thereafter prepared the necessary file and papers relating to said claim and referred the same to its attorney, [X————————], who on August 10, 1925, duly entered his appearance as attorney for the defendant." The petitioner denied the averments in the statements of claim forming the basis of the actions and averred that plaintiffs' injuries had been caused by their own negligence. To these petitions the respective plaintiffs filed answers denying categorically the allegations of the petitions and questioning the petitioner's authority and knowledge to sign and swear to such a petition. No depositions were taken in support of the petitions. The rules were heard on petition and answer and were discharged, the reason assigned by the court, in addition to the failure to take depositions, being as follows: "The petitions are sworn to by the attorney for the defendant, but contain no averment as to his personal knowledge of the facts and allege no disability why defendant did not himself make the affidavit. They also fail to aver that they are filed by the authority or on behalf of the defendant; nor do they give the source of the information as to the facts alleged on information to be true. Under the following rulings, Humphrey v. Tozier, 154 Pa. 410; Woods v. Irwin, 141 Pa. 292; Feldman v. Leace, 71 Pa. Sup. Ct. 239; Rebecchi v. Clark, 73 Pa. Sup. Ct. 596; Safety Banking Co. v. Conwell, 28 Pa. Sup. Ct. 237; Crine v. Wallace, 1 W. N. C. 293; (1905), and the facts in the instant case, we believe the weight

of authority to be against the right of the court to open the judgment, and the rule is therefore discharged.''

We are not convinced that in the circumstances here present this action constituted such an abuse of discretion as to require its reversal.

The order in each case is affirmed with a procedendo.