Jones, Appellant, *v.* Aaronson et ux.

Argued October 2, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*James Yearsley,* for appellant.

*Henry Arronson,* and with him *Harry A. Rutenberg* and *Simon Pearl,* for appellee.

OPINION BY TREXLER, J., November 18, 1929:

Judgment by default was entered against the defendants. A rule was entered to show cause why it should not be stricken off. The reason alleged was that fifteen days in which the defendants had to file an affidavit of defense did not begin to run until the defendants were served with the summons or had entered an appearance and that the plaintiff had taken judgment within that period. Summons was issued March 22, 1929, but not served. The same day, statement and notice to file affidavit was filed and served. On March 27, 1929, appearance was entered for the defendants. Within fifteen days after the defendant's appearance, to wit, April 9, 1929, judgment was entered for want of an affidavit of defense. The court made the rule absolute and struck off the judgment. Had the defendant been served with the summons, judgment could have been entered after the return day of the writ. Act of March 10, 1921, P. L. 16.

In Murta v. Reilly, 274 Pa 584, the Supreme Court quotes at length from the opinion of the lower court in which the cases in point are reviewed and the conclusion is reached "that the fifteen days allowed for the filing of an affidavit of defense to the statement so served do not begin to run until the defendant has either been served with the summons or voluntarily entered an appearance."

The Practice Act of 1915 did not introduce a new method of instituting actions and it is still necessary to begin actions by issuing a writ of summons: Spang & Co. v. Adams Express Co., 75 Pa. Superior Ct. 107. See also, Borteck v. Goldenburg, 87 Pa. Superior Ct. 602.

The lower court was right in holding that fifteen days having not expired from the entry of the appearance by the defendants or of the service of the sum-

mons on them, the plaintiff had no right to enter judgment by default.

The order of the court making absolute the rule to strike off the judgment is affirmed.