## Witman v. Schlegel

*Harvey F. Heinly*, for plaintiff; *George Eves*, for defendant.

MAYS, J., October 6, 1933.—Judgment was entered for want of an appearance. The matter is before us on a rule to show cause why the judgment so entered should not be set aside and stricken off. On June 2, 1933, plaintiff filed a præcipe for summons in assumpsit to June term, 1933, no. 207, with a certificate that it is necessary that the writ issue before a statement of claim can be prepared. The return day for said June term was June 12, 1933. Service of the writ was made on defendant on June 12, 1933. Plaintiff's statement of claim was filed July 1, 1933, at 10:52 a. m. Endorsed thereon was the required notice in regard to the filing of an affidavit of defense within 15 days from the date of service.

On the same day, at 10:57 a. m., judgment was entered on præcipe against defendant and in favor of plaintiff in the sum of $7,623.99. A copy of plaintiff's statement was served on defendant on July 3, 1933. On July 11, 1933, a petition for rule to show cause why the judgment should not be stricken off was filed, and a rule was granted, returnable sec. reg.

There are three reasons why it is claimed that the judgment should be stricken off: First, that the plaintiff's statement was not filed prior to the return day; second, that the notice on plaintiff's statement to file an affidavit of defense was misleading and inconsistent with the action of plaintiff in filing his præcipe for judgment 5 minutes after he had filed his statement with notice on defendant to file an affidavit of defense within 15 days; and third, that the præcipe upon which judgment was entered did not set forth all the requisite data.

As to the first reason we say, as did Trexler, P. J., in Kinpacher and Maass Silk Dyeing Co. v. Cole, 16 Dist. R. 1015, 1016: "As to the . . . reason, which it is hardly necessary to discuss, the case of Vanormer v. Ford, 98 Pa. 177, would be decisive. It was there held that a plaintiff is not entitled to judgment for want of appearance under the provisions of the Act of June 13, 1836, § 33, P. L. 568, unless he has filed his declaration prior to the return-day of the writ, notwithstanding that there is a rule of court that the plaintiff may enter such judgment."

The courts have stricken off judgments entered for want of an appearance where the statement was not filed at the time prescribed, viz., prior to the return day, in numerous instances, among which are Foreman v. Schricon, 8 W. & S. 43, Dennison v. Leech, 9 Pa. 164, Black v. Johns, 68 Pa. 83, Kohler v. Luckenbaugh, 84 Pa. 258, Vanormer v. Ford, 98 Pa. 177, Melloy's Sons v. Deal & Burtis, 124 Pa. 161, and Graham v. Blank and Welsh, 6 Dist. R. 133.

The respondent contends that the rule of these cases has been practically superseded under the Procedure Act of 1887 and the Practice Act of 1915, basing this upon what was said by Mr. Justice Mitchell in a dissenting opinion in Melloy's Sons v. Deal & Burtis, supra, at page 168. With this we do not agree.

In addition, the respondent states: "While there appears to be no case on the precise point involved in the case at bar, yet the trend of judicial thought and reasoning on the subject in the direction away from Foreman v. Schricon is well exemplified in the late case of Smith et al. v. Bergdoll, 104 Pa. Superior Ct. 49." This case is in no way in conflict with the cases above cited, for the reason that the court held that the statement was in fact filed before the return day.

What was said by Keller, J., in Borteck et al. v. Goldenburg et al., 87 Pa. Superior Ct. 602, 603, is significant: "This conformed to the Act of 1836. The writ was served more than ten days prior to the return day, the declaration or statement was filed before the return day, and no appearance having been entered, judgment was properly entered after the quarto die post: Black v. Johns, 68 Pa. 83; 3 Blackstone's Comm. 278 (Sharswood's Ed.)."

This view renders it unnecessary to consider and discuss the second and third reasons.

And now, to wit, October 6, 1933, the rule to show cause is made absolute.

From Charles K. Derr, Reading, Pa.