## Dillman v. Markle

*John P. Butt*, for plaintiff.
*Keith & Bigham*, for defendant.

SHEELY, P. J., September 11, 1937.—In this case we are asked to strike off plaintiff's statement of claim for the reason that it was prematurely sworn to and prematurely filed. The statement of claim was sworn to on January 19, 1937, and was filed in the office of the prothonotary on January 25, 1937. The præcipe for a summons was filed and the summons issued on January 26, 1937. The summons and the statement of claim were served together on defendant on January 29, 1937.

The fact that the statement of claim was sworn to before the action was instituted is immaterial and requires no discussion. This is a common practice and is done in all cases in which the statement of claim is filed with the præcipe. Nothing in the Practice Act of May 14, 1915, P. L. 483, prohibits this practice nor can we conceive of any objection to it.

The real objection raised by defendant is that the filing of the statement before the filing of the præcipe was a nullity and the subsequent service of the statement was likewise a nullity. He therefore insists that the statement must be stricken off.

A statement of claim becomes effective on the date it is served upon defendant. It is from that date that the time within which an affidavit of defense must be filed is determined. The date of actually filing the statement in

the office of the prothonotary is comparatively unimportant. Nothing is determined by it, and it would seem to be immaterial whether it is filed before or after it is served upon defendant. The mere filing of the statement, of itself, and without serving it upon defendant, would have no legal effect. The Practice Act makes no provision whatever for the filing of the statement; it merely requires that the statement be served upon defendant: Spang & Co. v. Adams Express Co., 75 Pa. Superior Ct. 107 (1920). Obviously, however, since the statement of claim is the basis of the suit, it must be filed at some time, and it has been held that the affidavit of defense need not be filed until the statement is filed of record: Dick v. Forshey, 71 Pa. Superior Ct. 439 (1919).

In Murta et al. v. Reilly, 274 Pa. 584 (1922), the Supreme Court said:

"Upon principle, and on the authority of the decision of the Supreme Court in the case last cited [Gorman v. Hibernian B. & L. Assn., 154 Pa. 133], we have reached the conclusion that until the plaintiff files his præcipe for a summons he may not lawfully file his statement of claim".

It will be observed, however, that in the Murta case this objection was not before the court. A summons had been issued and returned nihil habet before the statement was filed and served. The objection there raised by defendant was that no summons had been served upon him before the statement was filed and served, although an alias summons was issued and served after the statement had been served and before a default judgment had been entered. The court held that a default judgment under these circumstances was not irregular.

In Gorman v. Hibernian B. & L. Assn., 154 Pa. 133, cited by the Supreme Court in the Murta case, the statement was filed with the præcipe but was served upon defendant a few hours before the summons was served. The court there said:

"The fact that the plaintiff's office boy served the state-

ment before the service of the summons, is not material. There was nothing in it which necessarily misled the defendant. The statement was upon the record of the court, and an examination of it would have disclosed that fact."

In both the Murta case and the Gorman case defendant was seeking to be relieved of a default judgment. In the present case no judgment has been entered and defendant is seeking merely to strike off plaintiff's statement. If the motion is granted plaintiff can immediately refile the statement of claim and have it served upon defendant. Nothing would be gained for defendant and the case would merely be delayed for several weeks.

Nor has defendant in any way been harmed by the filing of the statement before the præcipe. The statement was served upon him with the summons and was endorsed with the same number and terms as the summons. He could not have been misled in any way and must have known that the statement was a statement of the case he was summoned to answer.

Unquestionably, a statement of claim should never be filed before the præcipe for a summons is filed, and the prothonotary should not accept the statement until the præcipe is lodged with him. However, where, as here, the statement of claim is filed before the præcipe and is endorsed with the same number and term as the summons and is served upon defendant with the summons, and it appears that defendant is not injured thereby, there is no reason to strike off the statement of claim. We believe that the Supreme Court, by the statement above quoted from the Murta case, meant that the filing of a statement of claim before the præcipe, in itself, could have no legal effect, and did not mean that a statement so filed must necessarily be stricken from the record.

And now, September 11, 1937, defendant's motion to strike off plaintiff's statement of claim is dismissed and defendant is allowed 15 days from this date within which to file his affidavit of defense.

From Eugene V. Bulleit, Gettysburg.