## Deemer & Co. v. Kline Township School District

*Elwyn Jones* and *C. W. Dickson*, for plaintiff.
*John Skweir*, for defendant.

PAUL, J., July 24, 1939.—On March 10, 1938, plaintiff filed in the prothonotary's office a statement of claim, which was duly served on defendant. On May 9, 1938, plaintiff took judgment against defendant for default of appearance and affidavit of defense. On October 13, 1938, plaintiff filed a petition for a writ of mandamus, commanding the members of the school board and the treasurer of defendant to pay the amount of the judgment.

To this petition defendant filed an answer in which it admits that a judgment has been entered of record against it but avers that the judgment was obtained irregularly and contrary to the Practice Act of May 14, 1915, P. L. 483, sec. 12, in that defendant school district and municipal corporation was not given an opportunity to be heard in the defense of the suit. The record shows that on May 12, 1938, plaintiff's attorney by letter notified defendant that judgment had been obtained and demanded payment. Defendant did nothing until after the petition for a writ of mandamus was filed. The only answer defendant then makes to plaintiff's allegation of demand for payment is that defendant has no unappropriated funds and that the available or prospective receipts for the school year will be insufficient to pay current expenses. Defendant in its answer then prays that the petition for a writ of mandamus be dismissed; that the rule be dissolved, and that a rule be granted upon petitioner to show cause why the judgment, taken by default, should not be set aside. Defendant, however, did not serve a copy of its answer on plaintiff nor did it have a rule granted to show cause why the judgment should not be set aside.

Defendant does not deny that a writ of mandamus is the proper procedure to collect this judgment, but in its answer to this proceeding states that the judgment, upon which the proceedings are based, was obtained irregularly and contrary to the Practice Act of 1915, supra, sec. 12, in that defendant was not given an opportunity to be heard in the defense of the suit. Section 12 is the section of the Practice Act which requires defendant to file an affidavit of defense within 15 days after it has been served with the statement of claim. The statement of claim in this case was served upon defendant on March 30, 1938, but defendant neither entered an appearance nor filed an affidavit of defense; whereupon plaintiff, on May 9, 1938, entered judgment for default of an appearance and affidavit of defense.

Neither plaintiff nor defendant raises the point of the judgment being obtained for default of an appearance and an affidavit of defense but merely contest the regularity of the judgment being obtained for default of an appearance.

There is no doubt but that judgment could ordinarily be taken for default of an affidavit of defense where defendant did not file it within the required time. Here, however, defendant is a school district and, therefore, is not required to file an affidavit of defense.

"The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him. . . . Provided, That . . . school districts . . . shall not be required to file an affidavit of defense": Act of May 3, 1917, P. L. 149, sec. 1.

The above act of assembly relieves defendant of the duty of filing an affidavit of defense but it does not refer to the necessity of entering an appearance. This is controlled by the Act of June 13, 1836, P. L. 568, sec. 33, as follows:

"If the defendant in any writ of summons as aforesaid, shall not appear at the return day thereof, and the officer to whom such writ was directed, shall make return that it was served upon the defendant ten days before the return day aforesaid, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules established by the court to regulate the practice in this respect."

All that the above act of assembly requires is that defendant be served with a summons at least 10 days prior to the return day and that the statement of claim be on file. It does not even require that the statement of claim be served.

"A judgment entered for want of an appearance is based, not upon a defendant's failure to answer the plaintiff's statement, but upon his failure to appear and sub-

mit himself to the jurisdiction of the court": Smith et al. v. Bergdoll, 104 Pa. Superior Ct. 49, 53.

The Act of 1836, supra, regulates the entering of judgment for default of an appearance. It is not inconsistent with nor has it been repealed by the Practice Act of 1915, P. L. 483.

"The Practice Act of May 14, 1915, P. L. 483, did not repeal Section 33 of the Act of June 13, 1836, P. L. 572, which provides for entry of judgment for want of an appearance in actions begun by summons": Borteck et al. v. Goldenburg et al., 87 Pa. Superior Ct. 602; Sprang & Co. v. Adams Express Co., 75 Pa. Superior Ct. 107.

The latter part of section 33 of the Act of 1836, supra, provides for the entry of judgment for default of appearance, according to the rules established by the court to regulate the practice in this respect. There is no specific rule of court in Schuylkill County in this respect.

The only question raised by defendant was the right of plaintiff to enter judgment by default for want of appearance. Since plaintiff has complied with the requirements of the Act of June 13, 1836, P. L. 568, there is no doubt of that right.

And now, July 24, 1939, the rule to show cause why a writ of mandamus execution should not issue against the School Directors and the Treasurer of Kline Township is made absolute and judgment is entered in favor of plaintiff, Deemer & Company, and against John Reshetar, Dr. Carl McAloose, Edward Mears, Nicholas Perna, and Michael Kundrat, members of the Board of School Directors, and Edward Mears, Treasurer of the School District of Kline Township, and a writ of peremptory mandamus is hereby directed against John Reshetar, Dr. Carl McAloose, Edward Mears, Nicholas Perna, and Michael Kundrat, members of the Board of School Directors, and Edward Mears, Treasurer of the School District of Kline Township, commanding them to pay to plaintiff the sum of $539.02 with interest and costs out

of any moneys unappropriated by the School District of Kline Township or if there be no such moneys, out of the first moneys that shall be received by said Edward Mears, treasurer, for the use of the said School District of Kline Township.