## Allegheny County v. Virgin

Before Thompson, Nixon and Brown, JJ.

*Frank Reich*, for James F. Hunter.

*Waldo P. Breeden*, for W. H. Virgin.

*Dickie, Robinson & McCamey*, for Securities Surety Co. of N. Y.

BROWN, J., October 23, 1957.—This matter is before the court en banc on the petitions of W. H. Virgin and John F. Gloeckner for a rule to show cause why the judgment entered at the above number and term should not be stricken.

The pertinent facts of the instant case are as follows: This action in assumpsit was begun by a summons filed in the prothonotary's office with a statement of claim, on August 25, 1931. The original statement on file does not contain a notice to plead as provided for by the Practice Act of May 14, 1915, P. L. 483, sec. 10, 12 PS §392. The sheriff's return showed serv-

ice on both defendants, defendant Virgin being served on August 28, 1931. The sheriff's return, after reciting the service, reads as follows:

". . . together with a copy of plaintiff's statement of claim endorsed with notice to file an affidavit of defense within fifteen days and making known the contents thereof."

The summons was returnable the first Monday of September, 1931, which was September 7, 1931.

The surety company, an original defendant as appears from the caption, filed an appearance and after several preliminary steps filed an answer. Defendant Virgin did nothing, and judgment was entered against him on October 29, 1931, "in default of an appearance and in default of an answer in the sum of Sixty-seven Hundred Fifty-two and 38/100 ($6,752.38) Dollars."

On May 7, 1942, said judgment was assigned to James F. Hunter and duly filed and entered on the docket. Since that time an attachment execution has been issued, interrogatories filed and answered, petition to interplead presented and refused, an appeal to the Supreme Court at no. 226, March term, 1950, taken, wherein permission to interplead was granted, an equity action commenced and appearances filed, a writ of fieri facias issued on the judgment at the execution attachment, goods claim filed and dismissed and now, the aforementioned petitions. In all, some 26 years have elapsed since the judgment in default of an appearance was entered as aforesaid, in 1931, and there were many legal encounters. This is the first time the validity of the judgment is attacked.

Petitioners contend that the judgment under attack is void because the statement of claim did not bear a notice to plead as required by the Act of 1915, supra, which reads as follows:

"The statement of claim shall be indorsed as follows:
" 'To the within defendant—

"You are required to file an affidavit of defense to this statement of claim within fifteen days from the service hereof'."

We cannot agree with this contention. The judgment as entered was taken *"in default of an appearance and in default of an answer"*. (Italics supplied.) It is clear that petitioners completely overlook the fact that the judgment was taken for failure to appear.

At the outset, it must be pointed out that the taking of judgment by default for failure to appear and for failure to file an affidavit of defense at the time of this judgment were governed by separate and distinct acts of the legislature and rules of court. They were separate and distinct actions. The action of taking judgment for failure to file an affidavit of defense was governed by the Act of 1915, P. L. 483, supra.

The entry of judgment for failure to appear was governed by (1) the Act of June 13, 1836, P. L. 568, secs. 33 and 34. Section 33, 12 PS §732, reads as follows:

"If the defendant in any writ of summons as aforesaid shall not appear at the return day thereof, and the officer to whom such writ was directed shall make a return that it was served upon the defendant ten days before the return day aforesaid, it shall be lawful for the plaintiff, having filed his declaration, to take judgment thereon for default of appearance, according to the rules established by the court to regulate the practise in this respect"; and (2), the Act of April 22, 1889, P. L. 41 sec. 1, 12 PS §731, as follows:

"The courts of this commonwealth may, by rule or standing order, authorize the prothonotary to enter judgment upon praecipe for want of an appearance for want of a declaration or plea, or for want of an affidavit of defense, and to enter judgment thereon with the same effect as if moved for in open court."

All that section 33 of the Act of 1836, supra, requires is that a summons be filed, that the same be served and the return show service of the summons at least 10 days before the return day and that the statement be filed. Plaintiffs, under the facts of this case, have complied with all the requirements of this act. The summons and statement of claim were filed on August 25, 1931, the writ was returnable the first Monday of September, the writ and statement were served August 28, 1931, on petitioners, the first Monday of September, 1931, was September 7th, the return showed that the summons was served 10 days before the return day and judgment was taken on October 29, 1931, 52 days after the return day.

The plain wording of the Act of 1836, P. L. 568, sec. 33, does not require service of the statement of claim, but merely that it be filed: Smith v. Bergdoll, 104 Pa. Superior Ct. 49. It follows, therefore, that the failure to have the notice to plead on the statement could not affect the right to judgment for failure to appear. "A judgment entered for want of an appearance is based, not upon a defendant's failure to answer the plaintiff's statement, but upon his failure to appear and submit himself to the jurisdiction of the court": Smith v. Bergdoll, supra, page 53. The above acts, governing the entry of judgments for default of appearance, were in effect when the judgment was taken in the instant case. The Act of 1915, P. L. 483, supra, did not repeal the aforementioned acts: Borteck v. Goldenburg, 87 Pa. Superior Ct. 602; Spang & Co.. v. Adams Express Co., 75 Pa. Superior Ct. 107.

After an extensive search we found the case of Deemer & Co. v. Kline Twp. School Dist., 37 D. & C. 698. In that case plaintiff began his action by summons which was served on defendant with a copy of the statement of claim. Plaintiff took a judgment for default of an appearance and affidavit of defense. *By*

*the Act of May 3, 1917, P. L. 149, sec. 1, a school district was not required to file an affidavit of defense.* The judgment was attacked because defendant contended the judgment was void, since it was not required to file an affidavit of defense. The court there held that although no affidavit of defense was required, defendant was not relieved of its duty of entering an appearance, as this duty was governed by the Act of 1836, P. L. 568, sec. 33, cited supra as the act controlling entry of judgment for failure to appear. We see no difference in the instant case. It may be that here defendant could be relieved from filing an affidavit of defense because the statement of claim was not endorsed with a notice to plead, as required by the Act of 1915, P. L. 483, sec. 10; but, as held in the Deemer case, supra, he cannot be relieved from the failure to file an appearance because of the lack of endorsement required by the Practice Act of 1915, supra. Consequently, the judgment in default of filing an appearance was properly taken.

Therefore, for the reasons above stated, we feel that the rule to show cause why the judgment entered at the above number and term should not be stricken, must be discharged.

### Order

And now, to wit, October 23, 1957, after argument, submission of briefs and consideration thereof, the rule to show cause why the judgment entered at the above number and term should not be stricken off, is discharged.

Eo die, exception noted to W. H. Virgin, trading and doing business as Wilkinsburg Construction Company, defendant, and bill sealed.